

**IT IS ORDERED as set forth below:**

**Date: March 6, 2023**

_____
**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 22-41457-PWB |
| JOHN DOUGLAS HOVERSON and LAURIE ELLEN HOVERSON, | |
| | CHAPTER 7 |
| Debtors. | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Carl J. Peugh ("the Movant") seeks reconsideration of the January 24, 2023 Order granting the Debtor's Motion to Transfer Venue of this case to the Eastern District of Tennessee-Southern Division [Doc. 47]. Because the Movant has cited no factual or legal grounds for reconsideration, the motion is denied.

On August 30, 2022, the Debtors filed a chapter 7 case in the Eastern District of Tennessee-Southern Division. The Debtors live in Rossville, Georgia, which is located within the Rome Division of the Northern District of Georgia.[1] The Debtors live approximately 6.9 miles from the Bankruptcy Court in Chattanooga in the Southern Division of the Eastern District of Tennessee,[2] but approximately 70 miles from the Bankruptcy Court in the Rome Division of the Northern District of Georgia.

On October 4, 2022, the Movant (and his spouse), filed a motion to dismiss the Debtors' case for improper venue. On November 10, 2022, after notice and a hearing, the Eastern District of Tennessee Bankruptcy Court entered an order concluding venue was improper under 28 U.S.C. § 1408 and transferring this case to the Northern District of Georgia pursuant Bankruptcy Rule 1014(a)(2).

Shortly after transfer to the Northern District of Georgia, the Debtors sought to transfer venue back to the Eastern District of Tennessee pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 1014(a)(1) [Doc. 47]. After conducting a hearing on January 11, 2023, and based on the record and the arguments of the parties, this Court granted the Debtors' motion to transfer venue to the Eastern District of Tennessee – Southern Division pursuant to 28 U.S.C. § 1412. [Doc. 50]. The Court's Order was entered January 24, 2023.

---

[1] The Northern District of Georgia consists of four (4) divisions. 28 U.S.C. § 90. Rossville, Georgia is in Walker County which lies in the Rome Division. LR 3.1(A), App'x. A(I), N.D. Ga.
[2] Chattanooga is in the Eastern District of Tennessee's Southern Division. BLR 1071-1, E.D. Tenn.

2

The Movant now seeks reconsideration of this Court's January 24, 2023 Order [Doc. 52].[3] In particular, the Movant contends that this Court's failure to consider *Thompson v. Greenwood*, 507 F.3d 416 (6th Cir. 2007), "will inevitably result in either the dismissal of the case by the Tennessee Court or the re-transfer of the case back to this Court." [Doc. 52 at ¶ 2].

A motion for reconsideration shall not be filed as a matter of routine practice and should only be filed if a party believes it is "absolutely necessary." BLR 9023-1, NDGa. A motion for reconsideration is narrow in scope. Reconsideration of an order is appropriate in the limited circumstances where there exists: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. *Bryan v. Murphy*, 246 F.Supp.2d 1256, 1258-59 (N.D. Ga. 2003).

The Movant cites no new evidence, no change in controlling law, and no error of fact or law to warrant reconsideration of the Order.

---

[3] Although the Movant cites Rule 60(b) of the Federal Rules of Civil Procedure in support of its motion, the appropriate standard for a motion for reconsideration is Rule 9023 of the Federal Rules of Bankruptcy Procedure. The Movant's motion for reconsideration is timely under either Rule and the considerations – whether the Court committed an error of fact or law – are essentially the same.

Pursuant to 28 U.S.C. § 1406(a), if a case or proceeding is not filed in the proper venue, defects in venue must be cured by dismissing the case or transferring the case to the proper venue. 28 U.S.C. § 1406(a).[4]

This is exactly what occurred in this case. A party moved to dismiss the case filed in the Eastern District of Tennessee by Georgia residents and the Tennessee Bankruptcy Court elected not to dismiss the case, but to transfer the case to the proper venue, the Northern District of Georgia. 28 U.S.C. § 1406(a); FED. R. BANKR. P. 1014(a)(2).

But a court of proper venue may exercise discretion that the court of improper venue does not have. Pursuant to 28 U.S.C. § 1412, the court of proper venue "may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."

And that is what this Court did. At the January 11, 2023 hearing on the Debtors' motion to transfer venue back to the Eastern District of Tennessee, the Court considered the factors raised by the Debtors and by the Movant in reaching its

---

[4] Proper venue for a bankruptcy case is set forth in 28 U.S.C. § 1408 ("Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district--
(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.").

4

decision that the Eastern District of Tennessee was better suited, in the interest of justice, as a more convenient forum for this bankruptcy case. The Court made its findings on the record, so it is unnecessary to re-incorporate them here. FED. R. CIV. P. 52(a)(1), *made applicable by* FED. R. BANKR. P. 7052.

The Movant's central contention is that this Court failed to consider the implications of *Thompson v. Greenwood*, 507 F.3d 416 (6th Cir. 2007), and that, as a result, the Bankruptcy Court for the Eastern District of Tennessee will be bound by its holding to either dismiss the case or re-transfer it to the Northern District of Georgia.

The Court rejects this proposition for two reasons.

First, for purposes of the motion for reconsideration, the Court addressed *Thompson v. Greenwood* at the January 11, 2023 hearing so it did not "fail[] to consider it" in that it would qualify as an error of law requiring correction.

Second, *Thompson v. Greenwood* is inapplicable to this Court's decision to exercise its discretion to transfer venue pursuant to 28 U.S.C. § 1412 in the interest of justice or for the convenience of the parties.

In *Thompson v. Greenwood*, two debtors who resided in the Northern District of Mississippi nevertheless filed bankruptcy in the bordering district of the Western District of Tennessee. The United States Trustee in the Northern District of Mississippi filed motions to dismiss or transfer on the ground that venue was lacking because the debtors did not reside in the district, as required by 28 U.S.C. § 1408.

5

While the debtors conceded that venue was improper, they argued that both as a matter of statutory construction and for equitable reasons, the bankruptcy judges had inherent authority to retain the cases in the interest of justice or for the convenience of the parties. One bankruptcy court determined it had the discretion to retain jurisdiction in spite of the improper venue, while another bankruptcy court determined that it did not.  The district court sided with the United States Trustee.

On appeal, the Sixth Circuit held "(1) the venue requirements of 28 U.S.C. § 1408 are mandatory, not optional; (2) 28 U.S.C. § 1412 applies only to bankruptcy cases filed in a proper venue; (3) 28 U.S.C. § 1406 applies to cases, including bankruptcy cases, filed in an improper venue; and (4) Federal Rule of Bankruptcy Procedure 1014(a)(2) must be interpreted as authorizing the transfer of an improperly venued case only to a district in which the case could have originally been brought, and only in the interest of justice, in accordance with the plain language of § 1406." *Thompson*, 507 F.3d at 424.

The holding in *Thompson v. Greenwood* is not inconsistent or contrary to this Court's decision to transfer venue, for the convenience of the parties and in the interest of justice, to the Eastern District of Tennessee.  This is because *Thompson v. Greenwood* does not even address this factual situation. At no point in the opinion is there any discussion as to, upon transfer to the Northern District of Mississippi, what might have happened if the Mississippi Bankruptcy Court elected to transfer venue back to the Western District of Tennessee Bankruptcy Court in its discretion.

6

And even assuming this is an open question, this Court has no reason to believe that the Bankruptcy Court for the Eastern District of Tennessee would entertain a "re-transfer" of the case to the Northern District of Georgia given this Court's findings on the record on January 11, 2023. Once the proper district has determined that another district is better suited for the convenience of the parties and in the interest of justice under 28 U.S.C. § 1412, nothing in *Thompson v. Greenwood* mandates a "re-transfer." The notion that the Court's ruling will result in a recurring ping-pong of venue transfers is unfounded.[5]

Based on the foregoing, the Court concludes that the Movant has failed to state grounds for reconsideration of the Court's order transferring venue of this case to the Bankruptcy Court for the Eastern District of Tennessee. Accordingly, it is

ORDERED that the Movant's Motion for Reconsideration of the Court's January 24, 2023 Order is denied.

**END OF ORDER**

---

[5] To the extent the Movant relies on the Sixth Circuit's holding that "28 U.S.C. § 1412 applies only to bankruptcy cases filed in a proper venue," for the proposition that, because the Debtors did not file *originally* in the proper venue (Northern District of Georgia), this Court cannot now exercise its discretion under the same statute to transfer venue, the Court rejects this argument. *Thompson's* holding that "28 U.S.C. § 1412 applies only to bankruptcy cases filed in a proper venue," *Thompson*, 507 F.3d at 424, was a rejection of the debtors' argument that the statute's use of the term "may" implied that the court of improper venue was not required to transfer a case but could retain it.

**Distribution List**

Amanda Marie Stofan
Farinash & Stofan
100 West ML King Blvd, Ste 816
Chattanooga, TN 37402

Elisabeth B. Donnovin
Johnson & Mulroony PC
428 McCallie Avenue
Chattanooga, TN 37402

Tracey L. Montz
Suite 108-#406
2146 Roswell Road
Marietta, GA 30062-3813

Todd E. Hennings
Macey, Wilensky & Hennings, LLP
Suite 435
5500 Interstate Parkway North
Atlanta, GA 30328

David S. Weidenbaum
Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303